UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAR ANTHONY POOLE,

    Plaintiff,

v.                                                Case No. 12-12741

UNITED STATES MARSHAL SERVICE,          HON. AVERN COHN
UNITED STATES DISTRICT COURT
EASTERN DISTRICT (SOUTHERN DIVISION),
LOLITA GRANGER, Deputy Clerk,
BRIAN BEARDSLEY, U.S. Marshal,

    Defendants.

_____/

**ORDER**
**GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 3)**
**AND**
**DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

I.

Plaintiff Jamar Anthony Poole, proceeding pro se, has filed a complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2680 et seq. ("FTCA"), naming the following Defendants: (1) United States Marshal Service; (2) United States District Court for the Eastern District of Michigan (Southern Division); (3) Lolita Granger, Deputy Clerk; and (4) Brian Beardsley, U.S. Marshal. Plaintiff is a federal prisoner confined at the Federal Correctional Institution in Oxford, Michigan.

Plaintiff seeks to proceed in forma pauperis. Based upon the information in the Motion to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis status. For the reasons that follow, however, the Court will dismiss the complaint for lack of subject-matter jurisdiction.

II.

The Court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); see also FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (stating that a federal court is always "under an independent obligation to examine their own jurisdiction,"); Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may sua sponte dismiss an action when it lacks subject-matter jurisdiction."). A federal court may not entertain an action over which it has no jurisdiction. See Ins. Corp. of Ir. Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).

Moreover, under 28 U.S.C. § 1915(e)(2), a district court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

When reviewing pro se papers, the Court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972); Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972). However, under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). Thus, "[p]ro se plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996)).

III.

In the complaint, plaintiff alleges that he was arrested but not provided with the arrest warrant until nine months later. He also alleges he was falsely arrested, imprisoned, that defendants aided and abetted in the illegal activity and denied him due process.

IV.

Plaintiff's claims against all of the defendants are subject to dismissal for lack of subject-matter jurisdiction. As a general principle, the United States is immune from suit unless it clearly consents to be sued, waiving its immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941); United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003).

The United States has waived its immunity to a limited extent in the FTCA, allowing a plaintiff to sue the United States. As an initial matter, the only proper defendant in an FTCA complaint is the United States. Thus, the United States Marshal Service and the United States District Court[1] are not proper defendants. Similarly, individual federal officers, like Granger and Beardsley, cannot be sued under the FTCA. See United States v. Smith, 499 U.S. 160, 163 (1991).

Under the FTCA, a prospective plaintiff must first present his claim in writing to the appropriate federal agency before he may maintain a common law tort claim against an employee of the United States based upon acts taken within the scope of his or her employment. 28 U.S.C. § 2675(a). Section 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money

---

[1]Moreover, the complaint does not contain any allegations regarding any action taken by the United States District Court.

3

damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied by the agency in writing and sent by certified or registered mail....

Importantly, the requirement of first filing an administrative claim is jurisdictional and cannot be waived." Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 270 (10th Cir.1991) (citation omitted). See also McNeil v. United States, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

Here, plaintiff has not established, or even alleged, that he has met this jurisdictional prerequisite. As such, the Court lacks subject-matter jurisdiction over his common law tort claims against the actual defendant in such claims, the United States.

V.

For the reasons stated above, the complaint is DISMISSED for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated: August 9, 2012  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed Jamar Anthony Poole, 43998-039, Federal Correctional Institution-Oxford, PO Box 1000, Oxford, WI 53952 on this date, August 9, 2012, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160